# William Gordon and Arthur Washburn, plaintiffs in error, *vs.* N. E. Janney, & Co., defendants in error.

## *Error to Muscatine.*

In an action by partners, it is not necessary to prove the names of the individuals composing the firm, if the contract is made in the partnership name.

Where a suit is brought on a note, payable to a firm, it is advisable to declare in the partnership name, in order that the proof and allegations may correspond.

Proof of the defendant's signature to a note, given to a partnership, is sufficient evidence of the partnership name.

This was an action of assumpsit, on a promissory note, of which the following is a copy:

"One day after date, for value received, we promise to pay N. E. Janney, & Co., or order, without defalcation, sixty-seven dollars and twenty-six cents. Witness our hands and seals, this 27th day of June, 1837; with interest at 10 per cent.

"GORDON & WASHBURN."

The declaration is in the usual form.

At the January term, 1839, the plaintiffs moved for a default for the want of a plea which was ordered.

Afterwards, the defendants moved to set aside the default, on affidavit of Gordon, which was granted, and the defendants ordered to plead instanter. The defendants then filed a plea of non assumpsit.

At November term, 1841, the cause was tried before Judge Williams, and a jury, and a verdict and judgment for plaintiffs.

On the trial of the cause, the plaintiffs proved that the signatures of "Gordon & Washburn," affixed to the note, was in the hand writing of the defendant *Washburn*, which was all the proof the plaintiffs offered, of the existance of their own firm. The court charged the jury that such proof was sufficient to establish the existance of the partnership between the plaintiffs, provided they were satisfied from the evidence, that the defendants were partners. To which opinion the defendants excepted.

LOWE & WHICHER, assign for error:

1. The court erred in charging the jury, as set forth in the bill of exceptions.

2. The court erred in charging the jury that if they were satisfied from the evidence, that the defendants were partners, that then by merely proving the signatures affixed to the note sued upon, were in the hand writing of one of them, it would be sufficient to establish the existance of the partnership between the plaintiffs.

3. The court erred in giving judgment for the plaintiffs instead of the defendants, &c.

BY THE COURT, MASON, CHEIF JUSTICE.—The first point to be considered in this case, is whether, when the plaintiffs set out the names of the individuals composing their firm, instead of declaring in their partnership name, it is necessary for them to prove that those identical individuals do actually compose the firm. Our statute provides in effect, that where a suit is brought upon a promissory note, &c., made payable to partners trading together, under their partnership name and style, it shall only be necessary to prove the partnership name and style, without proving the names of the individuals who compose the same. That statute seems to cover this case. It would probably be better only to set forth in the declaration the partnership name and style in such cases, in order that the proof and allegations might correspond, still, in either case the statute seems imperative in rendering the proof of the individuals composing the firm, unnecessary.

Another question presented for decision is, whether the proof of the defendant's signature, to a note given to a partnership, is sufficient evidence of the partnership name and style. We think it is clearly so.

To give a promissory note to N. E. Janney, & Co., is a written admission of the existance of such a company, and that such is their partnership name and style.

The proceedings below being in strict accordance with these views, the judgment will be affirmed.